UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OMARII MCCLEARY, | ) |
| *Plaintiff*, | ) |
| | ) No. 3:23-cv-385 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| QCHC OF TENNESSEE, PLLC, *et al.*, | ) Magistrate Judge Debra C. Poplin |
| *Defendants.* | ) |

**MEMORANDUM & ORDER**

Before the Court is a motion to bifurcate trial by Plaintiff, Omarii McCleary, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. (Doc. 108.) Plaintiff moves to bifurcate his 42 U.S.C. § 1983 claims against the Defendants QCHC of Tennessee, PLLC; QCHC Management Services Company, Inc.; QCHC, Inc.; Monroe County, Tennessee; Ashley Brown; Holly Cantrell; Johnny Edward Bates, M.D.; Donald Kern, M.D.; Ladonna Hubbard; Pamela Hollingshead; Sherry Richesin; David Hannah; Josh Duncan; Colby Williams; Cody Harrill; Brent Plemons; Blaine Kennedy; David Anthony; Jerron Henry; Jenna Webb; Owen Hooper; Noah Kelly; Patricia Stephens; Riley Turpeinen; Tommy Reagan; Thomas Grindle; and Julie Johnston, *PhD*, from the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA") claim against Sweetwater Hospital Association ("SWHA") at trial. (*Id*. at 1.) Defendant SWHA ("Defendant") responded in opposition to Plaintiff's motion to bifurcate trial. (Doc. 113.) The matter is now ripe for review.

    **I.    BACKGROUND**

Plaintiff's decedent, Joshua S. McCleary ("Decedent"), was booked into the Monroe County Jail on October 28, 2022. (Doc. 1 ¶ 28.) Plaintiff alleges that during booking and intake,

Decedent completed a medical questionnaire and indicated he had diabetic and hypertensive symptoms for which he needed medication and a special diet. (*Id*.) According to the complaint, Decedent did not receive medication, a special diet, or any medical care until October 31, 2022, after he complained of "trouble breathing." (*Id.* ¶ 44.) After Decedent's complaint of difficulty breathing, Decedent was transported to the SWHA emergency room. (*Id.* ¶ 45.) Decedent experienced "significant delay" in the waiting room, and before he received medical attention, he became unresponsive. (*Id.* ¶¶ 49, 53.) Decedent never regained consciousness and was declared brain dead on November 3, 2022. (*Id.* ¶ 59.) An autopsy was performed, and Decedent's cause of death was determined to be complications of uncontrolled type one diabetes and diabetic ketoacidosis. (*Id.* ¶ 60.)

Based on these allegations, Plaintiff asserts civil-rights violations against the QCHC and Monroe County Defendants for deliberate indifference to Decedent's serious medical needs under 42 U.S.C. § 1983 (*id.* ¶ 68), and a cause of action against SWHA for failure to admit and provide medical care pursuant to EMTALA (*id.* ¶ 69). There is currently a trial set for October 14, 2025. (Doc. 97 ¶ 8.) Plaintiff now seeks separate trials for the § 1983 claims and the EMTALA claim. (Doc. 108.)

## II. STANDARD OF REVIEW

Bifurcation is governed by Federal Rule of Civil Procedure 42(b), which states that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Under Rule 42(b), a court may choose between a bifurcated and a unified trial by weighing "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and [judicial] economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir.

2007). The balance of those factors is left to the court's discretion and is largely based on the specific facts of each individual case. *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). Plaintiff, as the party seeking bifurcation, "has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Heeter v. Bowers*, No. 2:20-cv-6481, 2025 WL 1725770, at *3 (S.D. Ohio June 20, 2025) (quoting *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010)).

### III. DISCUSSION

Plaintiff primarily argues that a bifurcated trial is appropriate to prevent jury confusion and to allow the jury to duly apportion fault in this case. (Doc. 108 at 4–5.) Plaintiff highlights that "[n]one of the Defendants in either claim may legally assert comparative fault of causation defenses involving the other group, nor can the actions of either Defendant group legally break the chain of causation for the other." (*Id*. at 2.) According to Plaintiff, attempting to instruct a single jury on the theories of fault for the different defendants under different claims would cause "juror confusion and risk prejudicially erroneous verdicts," as the "jury could mistakenly assign blame for the death itself rather than for the specific rights violations." (*Id*. at 5.)

Plaintiff also seeks to bifurcate the trial "due to the distinct and independent nature of the claims asserted." (*Id*. at 1.) Plaintiff suggests that the factual timelines of the two claims are distinct because the § 1983 claims relate to Decedent's incarceration, while the EMTALA claim relates to Decedent's visit to the SWHA emergency room. (*Id*. at 3.)

Defendant SWHA opposes the motion, arguing that bifurcation would be prejudicial and inefficient. (Doc. 113 at 2–5.) Defendant first argues the "claims against all defendants share the same time period, involve the same facts, include the same actors, and concern the same time period," and bifurcation would require "duplicative testimony, repeat examination of witnesses,

3

and redundant presentation of the same evidence—all of which would result in significant inefficiency, waste of judicial resources, and increased burden on the Court, the jurors, and the defendants." (*Id*. at 3 (citing *Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of. Am.*, 322 F.R.D. 271, 271 (W.D. Ky. Aug. 23, 2017)).) Defendant next argues that "Plaintiff's desire to insulate his claims from complete defenses is not a valid reason to burden the Court and the defendants with multiple trials." (*Id*. at 4.) Defendant suggests, "Plaintiff clearly wishes to obtain two separate juries to attempt to recover twice for the same injury." (*Id*. at 5.)

The Court finds that Plaintiff has not met his burden of proving that this case should be tried in separate phases. The Court understands that a different legal standard applies to § 1983 claims than EMTALA claims. However, given that Plaintiff's claims stem from a single, uninterrupted sequence of events that resulted in the same alleged harm, there would likely be confusion if the jury were to make its determinations in the first phase of trial in isolation and out of context of the second phase of trial. The Court does not think the factual and legal issues presented by this case are so complicated as to prevent the jury from diligently deciding the issues, and the parties may request jury instructions to address and clarify the different claims and defenses. Further, because separate trials would require duplicative litigation of identical evidence and witnesses, judicial economy also weighs against bifurcation.

IV. **CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff's motion to bifurcate the trial (Doc. 108).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**