UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ESTATE OF JOSHUA S. MCCLEARY, B/N/K OMARII MCCLEARY, Son and Personal Representative of the Estate | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:23-CV-385-CLC-DCP ) |
| QCHC OF TENNESSEE, PLLC, *et al.*, | ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Sanctions Against Brent Plemons and Monroe County for Plemons'[s] Failure to Appear at His Deposition and Monroe County's Failure to Supplement Discovery [Doc. 119].[1] Defendant Monroe County, Tennessee, and Brent Plemons (collectively, "Defendants") filed a response in opposition [Doc. 126]. Plaintiff filed a reply [Doc. 129]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 119**].

I.  BACKGROUND

According to Plaintiff, Attorney K. Knight III ("Attorney Knight") represents Monroe County, Tennessee ("Monroe County"), and the individual defendants, including Defendant Plemons [Doc. 119 p. 2]. "On May 23, 2025, Plaintiff's counsel coordinated with defense counsel

---

[1] The parties dispute whether Defendant Plemons has been sued in his individual or official capacity [*See* Docs. 144, 161, 178].

regarding deposition scheduling, [and Attorney] Knight confirmed that he and his clients, including Defendant Plemons, were available for depositions on June 9, 2025" [*Id*.]. Plaintiff states that on the same day, May 23, 2025, he "served a Rule 30 notice setting the deposition of Defendant Plemons for June 9, 2025" [*Id*.]. Plaintiff asserts that "[o]n the afternoon of June 6, 2025, three days before the scheduled deposition, [defense] counsel advised Plaintiff that Defendant Plemons had not responded to repeated efforts to contact him and that his current address and phone number were unknown" [*Id*. at 3]. Defendant Plemons did not appear for the June 9 deposition [*id*.], and Plaintiff filed the instant motion seeking terminating sanctions under Rule 37(d) and the Court's inherent authority against Defendants [*id*. at 3–4]. Further, Plaintiff states that Defendant Monroe County failed to disclose that Defendant Plemons is no longer its employee [*Id*. at 6]. He claims that he "relied on the reasonable assumption that Monroe County, through its counsel, had access to and control over its former employee for litigation purposes" [*Id*.]. Because Defendant Monroe County did not supplement its disclosures under Rule 26(e), Plaintiff states that he was "prevented . . . from pursuing alternate means to secure [Defendant Plemons's] deposition before the close of discovery" [*Id*. at 7].

Defendants responded in opposition to the motion [Doc. 126]. They acknowledge that Defendant Plemons did not attend his deposition on June 9, 2025 [*Id*. at 1]. Defendants state that "[Defendant] Plemons worked for Monroe County as a sheriff's deputy until his resignation in March 2024. He then worked private sector jobs[] but is presently and at the time of his previously-scheduled deposition was unemployed" [*Id*.]. Defendants submit that Attorney Knight "lost contact with [Defendant] Plemons after he left the employe[ment] of Monroe County, Tennessee" [*Id*.]. They assert that Defendant Plemons's telephone number had changed and that his email address was inoperable and that no one employed with Monroe County "knew how to get in touch

2

with [him]" [*Id.*]. Attorney Knight attempted to get into contact with Defendant Plemons when Attorney Knight told Plaintiff's counsel he was available for depositions on June 9, 2025 [*Id.* at 2]. Attorney Knight was not able to get in touch with Defendant Plemons and told Plaintiff's counsel of his inability to do so [*Id.*]. During the evening of June 9, 2025, Defendant Plemons contacted Attorney Knight and "stat[ed] he was just notified that he may have been asked to give a deposition previously" [*Id.* (footnote omitted)]. The following day—the day after Plaintiff filed his motion—Attorney Knight informed Plaintiff's counsel about Defendant Plemons's contact with him [*Id.*]. The parties proceeded with Defendant Plemons's deposition on June 28, 2025, along with two other witnesses [*Id.*]. Defendants state:

> [Defense] counsel and [Defendant] Plemons lost contact as a result of significant personal issues of [Defendant] Plemons including, but not limited to a severe motor vehicle accident which resulted in hospitalization. Simply put, [Defendant] Plemons did not appear at his June 9, 2025[,] deposition as he was unaware that it was to be taken at that time and date. [Defense counsel] had lost contact during the applicable time period with [Defendant] Plemons and therefore could not obtain his presence on that date.

[*Id.*].

Defendants claim that "not much was learned from [Defendant] Plemons'[s] deposition" [*Id.* at 3]. Other than booking Joshua McCleary, Defendants state that Defendant Plemons had no other contact with him and that "the intake documents that [Defendant] Plemons generated have already been produced to Plaintiff's counsel" [*Id.*]. Defendants state that "[Defendant] Plemons did testify that he informed another Defendant, Ashley Brown, of [Joshua] McCleary's condition," but that she is "already a Defendant in the lawsuit" [*Id.*]. They acknowledge that "it is incumbent upon [defense counsel] and [Defendant] Plemons to remain in contact in the face of Plaintiff's criticism, [but] not [Monroe County]" [*Id.*]. But regardless, they state that the deposition proceeded on June 28, 2025, and they request that the motion be denied [*Id.* at 3–4].

3

Plaintiff filed a reply, stating that "Defendant Plemons has offered no explanation for his failure to remain informed of this litigation or to remain in contact with [c]ounsel" and that "[Defendant] Monroe County offers no explanation of its efforts to maintain contact with Defendant Plem[]ons, despite not updating [its] discovery responses to disclose that he had left employment" [Doc. 129 p. 1]. Plaintiff characterizes Defendant Plemons's deposition testimony as "eye opening," explaining that it "directly contravenes specific factual and legal positions taken by Monroe County" [*Id.*; *see also id.* at 2–3]. While Plaintiff acknowledges he took Defendant Plemons's deposition on June 28, 2025, he states that he had "noticed the depositions of Defendants in chronological order relative to their interactions with [Joshua McCleary]" [*Id.* at 3]. And he claims that he could have used Defendant Plemons's deposition testimony to impeach Defendant Ashley Brown on what occurred because she "testified that she was never informed by any correctional staff of the presence or existence of [Joshua] McCleary" [*Id.*].

Plaintiff states that his counsel sent emails to Attorney Knight on June 16 and June 28, 2025, in an attempt to resolve the instant motion [*Id.* at 3–4]. According to Plaintiff, "[n]either of these offers have been responded to at all" [*Id.* at 4]. Plaintiff has provided the Court with a copy of his legal fees in the amount of $5,910.00 associated with the motion [*Id.*; *see also* Doc. 130-1]. To the extent the Court declines to "award terminating sanctions because [] Defendant Plemons was ultimately made available for his deposition," Plaintiff seeks monetary sanctions [Doc. 129 p. 4]. He also "requests that [Defendant] Monroe County be sanctioned by being prohibited from introducing any evidence or argument in contravention of Defendant Plemons'[s] testimony" [*Id.*].

II. ANALYSIS

The Court will start with Defendant Plemons's failure to attend his deposition. Rule 37 of the Federal Rules of Civil Procedure allows sanctions against a party who did not attend his

4

deposition. In relevant part, it states that the Court "may on motion, order sanctions if . . . a party . . . after being served with proper notice [fails] to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). The Rule further provides:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(1)(3).[2] "This provision places the burden on the disobedient party to avoid expenses by showing that [the] failure [was] justified or that special circumstances make the award of expenses unjust." *Villalona-Rodriguez v. United States*, No. 3:18-CV-00786, 2019 WL 13218325, at *4 (W.D. Ky. Aug. 22, 2019) (alterations in original) (quoting *Jones v. Int'l Longshoremen's Ass'n*, No. 3:12 CV 00345, 2012 WL 4092713, at *8 (N.D. Ohio Aug. 23, 2012)), *report and recommendation adopted*, No. 3:12 CV 345, 2012 WL 4092625 (N.D. Ohio Sept. 17, 2012).

As an initial matter, Plaintiff's request for terminating sanctions is disproportional to what occurred. *See Roots Contracting & Trading Co. v. Creighton Ltd.*, 170 F.R.D. 155, 162 (M.D. Tenn. 1996) ("Dismissal is generally imposed only for egregious misconduct, such as *repeated*

---

[2] Plaintiff also states that "[t]he Court . . . possesses inherent power to impose sanctions for bad faith conduct, abuse of the judicial process, and actions that interfere with the fair administration of justice" [Doc. 119 p. 4]. He further states that "the Sixth Circuit has recognized that courts may invoke their inherent authority to impose sanctions where parties or counsel act in bad faith to obstruct discovery or abandon their obligations" [*Id.*]. But here, defense counsel contacted Plaintiff's counsel a few days before the scheduled deposition about his inability to contact Defendant Plemons and then the parties proceeded with Defendant Plemons's deposition a few weeks later. Under these circumstances, sanctions are not appropriate under the Court's inherent authority. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) ("Federal courts have the inherent authority to sanction bad-faith conduct, as well as conduct that is 'tantamount to bad faith.'" (quoting *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 872 (E.D. Mich. 2017)).

5

failure to appear for deposition." (quoting *Regional Refuse Systems v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988)); *Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.*, No. 8:23-CV-00496, 2024 WL 2209776, at *5 (C.D. Cal. Apr. 3, 2024) (finding that the plaintiff's request for sanctions, including striking the defendant's answer, were not warranted, although defendant failed to appear two times for the deposition). "The Court should consider four factors in determining whether to invoke discovery sanctions, such as dismissal, under Rule 37[.]" *Vance v. Sec'y, U.S. Dep't of Veterans Affs.*, 289 F.R.D. 254, 256 (S.D. Ohio 2013). These factors include:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 365 (6th Cir. 1997)). "While no one factor is dispositive, there must generally be 'a clear record of delay or contumacious conduct' by the non-moving party." *Morris v. Burton*, No. 19-02874, 2021 WL 6011105, at *2 (W.D. Tenn. Nov. 30, 2021) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)), *report and recommendation adopted*, No. 2:19-CV-2874, 2021 WL 5999306 (W.D. Tenn. Dec. 20, 2021).

Here, Defendants acknowledge that "it is incumbent upon [defense counsel] and [Defendant] Plemons to remain in contact" [Doc. 126 p. 3]. The Court agrees. But even so, the Court does not find Defendant Plemons's failure to appear was willful or in bad faith, especially considering that defense counsel told Plaintiff's counsel three days before the scheduled deposition that he was having trouble getting in contact with Defendant Plemons. The Court does not find prejudice given that Plaintiff proceeded with Defendant Plemons's deposition a few weeks later.

6

While Plaintiff claims he was prejudiced because he did not get to impeach or contradict Defendant Ashley Brown during her deposition, he may do so at trial. Further, there has been no prior warnings in this case, and less drastic sanctions are appropriate.

While the Court does not find the sanctions described in Rule 37(b)(2)(A)(i)-(vi) to be appropriate, *see EMW Women's Surgical Ctr., P.S.C. v. Glisson*, No. 3:17CV-00189, 2017 WL 4897528, at *5 (W.D. Ky. Oct. 30, 2017) (finding that evidentiary sanctions were not warranted for the failure to appear at a deposition, in part, because the parties were able to reschedule the deposition), *objections overruled sub nom. EMW Women's Surgical Ctr., P.S.C. v. Bevin*, No. 3:17-CV-189, 2018 WL 10229473 (W.D. Ky. Sept. 28, 2018), *aff'd sub nom. EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418 (6th Cir. 2020), the Court finds Defendants have not shown Defendant Plemons's failure to appear at the June 9 deposition was substantially justified or that other circumstances make an award of expenses unjust. *See Villalona-Rodriguez*, 2019 WL 13218325, at *6 ("The Court notes that defense counsel, as a practitioner in Federal Court, should have known that Rule 37 does not tolerate parties failing to appear for their depositions."). Indeed, Defendants merely state that Defendant Plemons and his counsel lost contact.[3] According to Plaintiff, when defense counsel emailed Plaintiff's counsel on June 6, 2025, "[n]o motion for protective order was filed" and "[n]o request for a continuance or extension was made" [Doc. 119 p. 3]. Defendants have not met their burden in showing that an award of fees is not appropriate.

---

[3] Defendants state that Defendant Plemons and his counsel "lost contact as a result of significant personal issues of [Defendant] Plemons[,] including, but not limited to a severe motor vehicle accident which resulted in hospitalization" [Doc. 126 p. 2]. They do not, however, provide any details, such as the date of this accident, to assess whether this accident warrants not awarding fees.

7

In his reply, Plaintiff states that he "has narrowed his billing to only reflect bills related to this [m]otion" [Doc. 129 p. 4]. The Court finds that proposal reasonable given that Plaintiff took other depositions on June 9, 2025. *See Sledge v. Indico Sys. Res., Inc.*, No. 2:13-CV-2578, 2015 WL 4644343, at *3 (W.D. Tenn. Aug. 4, 2015) (agreeing with defendants that they should not be imposed the fees for the entire deposition trip but only the fees that was incurred for the defendant's failure to attend his deposition). Plaintiff seeks $5,910.00 [Doc. 129 p. 4]. But in seeking that fee, it is not clear to the Court whether Plaintiff has included entries that are not related to this specific motion [*See* Doc. 130-1]. Further, Plaintiff has not justified the time spent on the motion and whether the hourly rate is reasonable. *See Benton v. BlueCross BlueShield of Tennessee, Inc.*, No. 1:22-CV-118, 2025 WL 366632, at *10 (E.D. Tenn. Jan. 31, 2025) (in Title VII case involving religious objection to an employer's COVID-19 vaccine mandate, awarding attorney with twenty years of experience $450 per hour considering the evidence filed in support thereof, the prevailing rates in the district, and the lack of opposition to the rate); *Schlosser v. Vrhabilis, LLC*, No. 3:20-CV-190, 2024 WL 1600671, at *31 (E.D. Tenn. Feb. 1, 2024) (recommending reduction in hourly rate of $375 for attorney with 10 years of experience to $290 in Title VII case alleging sex discrimination, hostile work environment, and retaliation), *report and recommendation adopted*, No. 3:20-CV-190, 2024 WL 1071871 (E.D. Tenn. Mar. 12, 2024).

Given that, the Court **ORDERS** the parties to meet and confer to determine the appropriate amount of the sanctions against Defendant Plemons for failing to attend the June 9 deposition. To the extent they disagree, Plaintiff **SHALL** file a notice on or before **September 12, 2025**, which shall set forth the reasonable hours and reasonable rates that he seeks.

Finally, Plaintiff also seeks sanctions against Monroe County for not supplementing discovery under Rule 26(e) [Doc. 119 at 7]. He claims that "Monroe County had a duty to

supplement its discovery responses and disclosures to reflect the change in Defendant Plemons's status and contact information" [*Id*.]. Plaintiff contends that "[i]ts failure to do so prevented Plaintiff from pursuing alternate means to secure [Defendant] Plemons'[s] deposition before the close of discovery" [*Id*.]. In his reply, he "requests that Monroe County be sanctioned by being prohibited from introducing any evidence or argument in contravention of Defendant Plemons'[s] testimony" [Doc. 129 p. 4].

Rule 26(e) imposes an obligation to supplement discovery responses and disclosures "in a timely manner[.]" Fed. R. Civ. P. 26(e)(1)(A). "'In a timely manner' is not defined in the rule and must necessarily depend on the facts and circumstances of each case." *U.S. ex rel. Fry v. Guidant Corp.*, No. 3:03–0842, 2009 WL 3103836, at *4 (M.D. Tenn. Sept. 24, 2009). Plaintiff, however, does not specify what discovery responses Monroe County failed to supplement. But regardless, defense counsel informed Plaintiff's counsel of his inability to contact Defendant Plemons and the parties proceeded with his deposition on June 28, 2025. Sanctions against Monroe County for failing to supplement are not warranted under these circumstances. *See EEOC v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 795 (E.D. Tenn. 2016) ("Parties should supplement disclosures and responses 'periodically in a fashion that will allow [the opposing party] to conduct meaningful discovery and avoid undue delay in the progress of [the] case.'" (alterations in original) (quoting *Guidant Corp.*, 2009 WL 3103836, at *4), *aff'd*, 899 F.3d 428 (6th Cir. 2018).[4]

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Sanctions Against Brent Plemons and Monroe County for Plemons'[s]

---

[4] For similar reasons, sanctions under the Court's inherent authority are also not warranted.

Failure to Appear at His Deposition and Monroe County's Failure to Supplement Discovery [**Doc. 119**].

    **IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge