UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OMARII MCCLEARY, | ) |
|     *Plaintiff*, | ) |
| | ) Case No. 3:23-cv-385 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| QCHC OF TENNESSEE, PLLC, *et al.*, | ) Magistrate Judge Debra C. Poplin |
| | ) |
|     *Defendants*. | ) |

## **MEMORANDUM**

Before the Court is a "motion to dismiss and/or motion for summary judgment" by Defendant Monroe County, Tennessee, and Defendants David Anthony, Josh Duncan, Thomas Grindle, David Hannah, Cody Harrill, Jerron Henry, Owen Hooper, Noah Kelly, Blaine Kennedy, Brent Plemons, Tommy Reagan, Patricia Stephens, Riley Turpeinen, Jenna Webb, and Colby Williams ("Officer Defendants"). (Doc. 144.)

### I. BACKGROUND

This case arose from the death of Joshua McCleary of diabetic ketoacidosis while he was a pretrial detainee at Monroe County Jail. (Doc. 148-17 at 1.) Officer Defendants were working at Monroe County Jail from October 28, 2022, through October 31, 2022, the weekend during which Mr. McCleary was detained and experienced health complications from untreated diabetes. (Doc. 177 at 5, 11.)

On October 30, 2023, Plaintiff, Joshua McCleary's son and executor of his estate, filed suit against Monroe County, Officer Defendants, QCHC of Tennessee, several doctors and nurses of QCHC, and Sweetwater Hospital. (Doc. 1.) On October 31, 2023, this Court issued an Order governing motions to dismiss. (Doc. 4.) This Order set forth a requirement that, prior to filing a

motion pursuant to Federal Rule of Civil Procedure 12(b), the parties "must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided." (*Id.* at 1.) Any motion to dismiss must be accompanied by a notice indicating that the parties have conferred and have been unable to agree that the pleading is curable by an amendment. A motion to dismiss that does not include this notice is subject to being stricken. (Doc. 4.)

On July 25, 2025, Monroe County and Officer Defendants filed a motion titled "motion to dismiss and/or motion for summary judgment." (Doc. 144.) This motion was not accompanied by the required notice laid out in the order governing motions to dismiss (Doc. 4). (*Id.*)

## II. DISCUSSION

### A. Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing whether summary judgment is warranted, courts must "draw all reasonable inferences in favor of the nonmoving party." *Hyland v. HomeServices of Am., Inc.*, 771 F.3d 310, 316 (6th Cir. 2014). In doing so, the court should consider "the plethora of material available in the record" to determine whether the moving party is entitled to judgment as a matter of law, including "pleadings, depositions, answers to interrogatories, written admissions, transcripts of evidence, and written stipulations of fact." *Doe v. Univ. of Ky.*, 111 F. 4th 705, 715 (6th Cir. 2024).

A summary judgment motion is different from a motion to dismiss and they are presented at different stages of litigation. A motion to dismiss "addresses the plausibility of claims in the complaint" and assumes their truth, "whereas a motion for summary judgment addresses whether genuine issues of material fact exist to support the claim." *Flint v. Mercy Health Reg'l Med. Ctr.,*

2

Case 3:23-cv-00385-CLC-DCP   Document 217   Filed 09/16/25   Page 2 of 7   PageID #: 2510

*LLC.*, 2019 U.S. Dist. LEXIS 204039 at *6, n. 3 (N.D. Ohio 2019). Each motion is governed by a different factual record. *Id.*

A party cannot simply title a motion to dismiss as one for summary judgment without putting forth anything that a summary judgment motion requires. A summary judgment motion must include supporting factual propositions that would allow a court to conclude that the movant is entitled to judgment as a matter of law. A party must support the motion by "citing to particular parts of materials in the record … or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motions and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes to demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

Here, despite its title, the motion is only a motion to dismiss in both form and substance. First, the motion only includes the standard of review for motions to dismiss under Rule 12(b)(6). (Doc. 145 at 4.) The motion never mentions the summary judgment standard. Nor does the introduction refer to the motion as one seeking summary judgment.

But more importantly, the motion's substance refers only to the sufficiency of the pleadings. Defendants make four arguments, none of which reference a single piece of evidence outside the complaint and none of which allege that there is no genuine dispute as to material fact and that they are entitled to judgment as a matter of law.

The first argument is that "Plaintiff's complaint fails to adequately allege that any of the individual defendants violated plaintiff's decedent's federal constitutional rights." (Doc. 145 at

3

4.) This argument, as its title suggests, is only about the complaint. Defendants only argue that Plaintiff failed "to satisfy basic pleading requirements," arguing that "the Complaint fails to allege any act/omissions of any of the individual Defendants which would demonstrate personal responsibility for the alleged violation of McCleary's federal constitutional rights." (Doc. 145 at 4.) It does not claim that there is no genuine factual dispute as to whether individual Defendants violated Plaintiff's Fourteenth Amendment rights. It does not once refer to any evidence or lack thereof from the factual record that would ordinarily be present in a summary judgment motion.

Defendants next argue that they are entitled to qualified immunity. Again, Defendants present no evidence from the record on this claim, nor do they point to a lack of evidence in the record. Instead, they allege that "the Complaint is devoid of any facts as to the individual Defendants, but certainly no facts that would deprive any of the individual Defendants of qualified immunity." (Doc. 145 at 5.) But again, attacking the sufficiency of the pleadings is not a motion for summary judgment; it is a motion to dismiss.

The third argument is that the individual Defendants are sued in their official capacities rather than their individual capacities. In this argument, Defendants reference the "course-of-proceedings" test. This section only argues that Plaintiff failed to meet pleading requirements and did not give Defendants adequate notice, saying that "the Complaint makes no designation as to whether any of these Defendants are sued individually," and that "no acts or omissions are pled against any of the individual Defendants." (Doc. 145 at 6.) This is a notice-pleading argument that is appropriate at the motion to dismiss stage.[1] *See, e.g. Shepherd v. Wellman*, 313 F.3d 969 (6th Cir. 2003) (denying leave to amend a complaint to specify the capacities in which a plaintiff

---

[1] The "course-of proceedings test" is sometimes referenced at the summary judgment stage, *see, e.g., Lindsay v. Bogle*, 92 Fed. Appx. 165 (6th Cir. 2004). But here, Defendants are using this test to attack the sufficiency of the pleadings.

was suing defendant); *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001) (reversing a dismissal of a § 1983 complaint where the plaintiff did not specify whether he was suing the officers in their official capacity or their individual capacity).

The fourth argument is that "Monroe County is not liable based upon the allegations of the complaint." (Doc. 145 at 6.)  Once again, this entire argument is about notice pleading, which is proper at the motion to dismiss stage.  Defendants argue that "the allegations of the Complaint do not provide a factual basis of exactly how a policy or custom of Monroe County, Tennessee proximately caused Plaintiff's passing or how the Court [sic] is otherwise liable in this case under Section 1983." (Doc. 145 at 7.)   But this argument is about the sufficiency of the complaint.  It is not a claim that there is no genuine issue of material fact as to Monroe County's liability.

The motion for summary judgment does not once assert a factual allegation about which there is no genuine dispute.  Nor does it claim that there is insufficient evidence in the record to support Plaintiff's claim or that Plaintiff cannot produce admissible evidence to support a claim. *See* Fed. R. Civ. P. 56(c)(1)(B).  In fact, it does not, at any point, even state that there is no genuine dispute of material fact for any of Defendants' arguments.  Rather, each argument in turn argues only that the pleadings are insufficient, and that Plaintiff has not adequately pleaded his claim. This simply is not a motion for summary judgment.  Therefore, the Court will not construe it as such. *See Hitzeman v. Perry Cnty. Reg'l Jail*, 2011 U.S. Dist. LEXIS 14146, at *7 (E.D. Ky. 2011) (denying summary judgment motion that only referenced the pleadings because "Defendants must reference something other than the pleadings alone to present a proper motion for summary judgment.")

5

### B. Motion to Dismiss

This motion is also presented as a motion to dismiss. As a preliminary matter, Rule 12(b)(6) motions "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). Defendants filed the present motion (Doc. 144) after filing their answers to the complaint (Docs. 64, 73, 77). Therefore, Defendant's motion to dismiss is untimely. The Court of Appeals for the Sixth Circuit has, at times, construed untimely motions under Rule 12(b)(6) as motions for judgment on the pleadings under Rule 12(c). Fed. R. Civ. P. 12(c); *see, e.g.*, *Joseph v. Patterson*, 795 F.2d 549, 562 n.1 (6th Cir. 1986). However, such a construction is not mandatory.

In addition to filing an untimely motion to dismiss, Defendants have also failed to meet this Court's requirement for motions to dismiss. Pursuant to this Court's October 31, 2023, Order, "the parties must meet and confer prior to the filling of a motion to dismiss to determine whether it can be avoided." (Doc. 4 at 1.) Any motion to dismiss "must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment." *Id.* This rule exists because often, conferring can lead to an amended pleading that will cure the pleading deficiency. But no such certification or notice has been filed either prior to or contemporaneously with Defendant's motion to dismiss. As the order states, failure to follow this requirement can result in a motion to dismiss being stricken. (*Id.* at 1.) Therefore, because the motion to dismiss was untimely and did not meet the Court's requirements for filing such a motion, this Court will DENY the motion to dismiss.

### III. <u>CONCLUSION</u>

The issue here is not whether the Defendants have pointed to enough evidence or the right kind of evidence. The issue is that the motion Defendants filed is not one for summary judgment. The Court cannot comb the record and construct arguments for the parties to discern whether there is a genuine dispute of material fact and whether Defendants are entitled to judgment as a matter of law simply because a document is titled as a motion for summary judgment. The movant must put forth evidence as required by Rule 56.

Therefore, the Court construes this document only as a motion to dismiss. And because it was filed untimely and out of accordance with this Court's order (Doc. 4), the Court will **DENY** the motion. (Doc. 144).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**