UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OMARII MCCLEARY, | ) |
|     *Plaintiff*, | ) |
| | ) Case No. 3:23-cv-385 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| QCHC OF TENNESSEE, PLLC, *et al.*, | ) Magistrate Judge Debra C. Poplin |
| | ) |
|     *Defendants*. | ) |

**MEMORANDUM & ORDER**

Before the Court is a motion in limine by Plaintiff Omarii McCleary to exclude testimony regarding the criminal arrests and history of the decedent, Joshua McCleary (Doc. 164). Defendants Ashley Brown (Doc. 189), QCHC (Doc. 194), and Monroe County and its officers Noah Kelly, Owen Hooper, Cody Harrill, Blaine Kennedy, David Hannah, Riley Turpeinen, Brent Plemons, Thomas Grindle, Colby Williams, Patricia Stephens, Tommy Reagan, Jenny Webb, Josh Duncan, David Anthony, and Jeron Henry ("Monroe County Defendants") (Doc. 196) filed responses. Plaintiff filed a reply. (Doc. 199.) Monroe County Defendants' response to Plaintiff's motion on the issue of Plaintiff's criminal history is identical to QCHC's response, save for one paragraph at the end of the section on the value of Mr. McCleary's life. (Doc 196 at 1–3.) Therefore, the Court will address both responses as one.

**I.  STANDARD OF REVIEW**

A motion in limine is "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "Orders in limine which exclude broad categories of evidence should rarely be employed."

*Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Courts have power to exclude evidence in limine only when evidence is "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). The better approach is "to deal with questions of admissibility of evidence as they arise." *Sperberg*, 519 F.2d at 712. Motions in limine "are not proper procedural devices for the wholesale disposition of theories or defenses." *Bell v. Prefix, Inc.*, No. 05-74311, 2009 U.S. Dist. LEXIS 101889 at *3 (E.D. Mich. Nov. 2, 2009)

## II.  DISCUSSION

Plaintiff asserts that his prior criminal history should be excluded. He argues that his convictions are not admissible under Federal Rule of Evidence 609. He also argues that his prior criminal history should be excluded on grounds of relevance and unfair prejudice. *See* Fed. R. Evid. 401, 403. The Court will address both arguments.

### A.  Rule 609

Under Rule 609, evidence of a criminal conviction must be admitted, subject to Rule 403, in a civil case. Fed. R. Evid. 609(a)(1). Defendant Brown admits that because Mr. McCleary will not be testifying, such a conviction cannot be used to impeach his credibility. (Doc. 189 at 2.) QCHC Defendants and Monroe County Defendants do not admit this and maintain that this evidence may be admitted under Rule 609, despite Mr. McCleary not testifying. Defendants are wrong.

Rule 609 only applies to impeachment evidence. Fed. R. Evid. 609(a) (stating that, in general, the rules "apply to attacking a witness's character for truthfulness by evidence of a criminal conviction"). This rule "is premised on the idea that those who have been convicted before of a felony are more likely to commit perjury." *Standifer v. City of Columbus*, 586 F. Supp.

3d 782, 786 (S. D. Ohio 2022). But here, Mr. McCleary is dead and therefore will not testify at trial. A party cannot impeach a witness who is not testifying. Evidence of Mr. McCleary's criminal convictions cannot be admitted under Rule 609 to impeach his credibility because his credibility is not at issue. *See Ragland v. Shelby Cnty.*, No. 2:22-cv-2862, 2024 U.S. Dist. LEXIS 152009 at *6 (W.D. Tenn. 2024) (finding that "because Plaintiff is incompetent and unable to testify, his criminal history cannot be used to impeach his credibility as a witness under the Federal Rules of Evidence").

Defendants' argument to the contrary is frivolous and misleading. Defendants QCHC and Monroe County Defendants cite *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 525–26 (1989) for the proposition that in civil cases, Rule 609(a) requires that the trial court admit evidence of a witness's prior convictions "regardless of the potential prejudice to either party." (Doc. 196 at 2, 194 at 2.) Such an assertion is wrong. *Green* interprets a previous version of Rule 609 and has been clearly superseded by statute. Congress amended Rule 609(a) in 1990, one year after the *Bock Laundry* decision, to resolve ambiguities around prior convictions for non-criminal defendants. The Amendment was written to "reflect[] a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results," and as such, "applies the general balancing test of Rule 409 to protect all litigants against unfair impeachment of witnesses." Advisory Committee Notes to 1990 Amendments to Rule 609. "The balancing test protects civil litigants, the government in criminal cases, and the defendant in a criminal case who calls other witnesses." *Id.* And the text of the current version of Rule 609 could not be clearer: "Evidence of a criminal conviction must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1).

### B. Rules 401 and 403

Evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. Plaintiff argues that "none of the elements of Plaintiff's Fourteenth Amendment deliberate indifference claim hinge on his character or actions," and therefore "the Decedent's criminal history does not meet the requirements of 401(b)." (Doc. 199 at 2.) Plaintiff argues that the Decedent's criminal history should be excluded "because it has no probative value and would unfairly prejudice him," and that "unless Plaintiff were to open the door by challenging the propriety of the Decedent's security classification or housing assignment, then no element of or fact relevant to any element of this case turns in the slightest on the Decedent's criminal history." (Doc. 164 at 2.)

QCHC and Monroe County Defendants argue that Plaintiff's prior convictions should be admitted because "Plaintiff has, on more than one occasion, referenced the fact that Defendants were on notice of Mr. McCleary's medical condition because of prior incarcerations and treatment in the same facility," and it is therefore relevant that Mr. McCleary had prior arrests and incarcerations. (Doc. 194 at 4.) Additionally, Defendant Brown argues that evidence of prior convictions may be relevant "to the extent that the jail staff's actions toward the Decedent were shaped by the staff's knowledge of Decedent's classification in the jail." (Doc. 189 at 3.) Monroe County additionally argues that "Mr. McCleary's criminal history is also relevant to the issue, if litigated, of the value of Mr. McCleary's life." (Doc. 196 at 3.) The Court will address each argument in turn.

### 1. Decedent's status as an inmate does not make his underlying offenses surrounding his criminal history relevant.

There is a difference between evidence that the Decedent was incarcerated, both in this case and in the previous incident Plaintiff wishes to reference, and evidence about the underlying offenses that led to such incarcerations. The Court sees no reason why evidence about the latter is relevant to Plaintiff's deliberate-indifference claims.

Plaintiff intends to reference a previous incarceration from July 2022 to show that Defendants were on notice of Mr. McCleary's condition. (Doc. 148-4 at 11.) But this evidence is only relevant to show that Defendants had notice of his medical conditions, which is directly relevant to Plaintiff's 1983 claim because it shows knowledge of a serious medical condition. Indeed, Plaintiff's evidence on this offense is Mr. McCleary's medical record from that detention.

But the evidence of the underlying offense has no relevance to the case at hand, nor have Defendants pointed to any reason such evidence would be relevant. Defendants point to *Kirk v. Simpson*, 355 F.3d 566 (6th Cir. 1994) (Table) as evidence that an underlying offense can be relevant when an inmate is confined and challenging conditions of their confinement. But this is wrong for two reasons.

First, Kirk argued that "he was prejudiced by evidence that he has been convicted of a felony." *Id.* at *2. In response to that, the Court held that his status as an inmate was integral to his claim. *Id.* Here, Plaintiff does not argue to exclude evidence of Mr. McCleary's status as an inmate in July or October of 2022; rather, he seeks to exclude evidence of the offenses underlying the July and October 2022 detentions, and any other evidence of his criminal history. This is a critical distinction. *Kirk* does not stand for the proposition that evidence of an underlying offense is relevant to one's status as an inmate. Second, *Kirk* also allowed such evidence "for the purpose

of attacking his credibility." *Id*. The question of Mr. McCleary's credibility, as stated previously, is not relevant because he will not be testifying.

### 2. Evidence of Mr. McCleary's criminal history is not relevant to his treatment in prison.

Defendant Brown argues that evidence about the underlying offense may be relevant to the extent that Mr. McCleary's medical treatment may have depended on his classification. (Doc. 189 at 3). In making this argument, Defendant Brown relies on *Ragland v. Shelby Cnty.*, No. 2:22-cv-2862, 2024 U.S. Dist. LEXIS 152009 (W.D. Tenn. Aug. 23, 2024), which disallowed evidence of a Plaintiff's prior convictions but allowed evidence of his jail classification in a failure-to-protect case. *Id.* at *6. But there are two problems with that argument. First, in *Ragland*, the Court excluded evidence of the plaintiff's criminal history and conviction for unfair prejudice and relevance, only allowing evidence of the jail's classification of the plaintiff. Therefore, this case does not support the assertion that evidence of Mr. McCleary's criminal history should be allowed. Second, there is a critical distinction between *Ragland* and this case. The former was a failure-to-protect case, while this is a medical-treatment case. In a failure-to-protect case, the classification system was relevant to "the structural issues involved when evaluating if Defendant erred in overseeing the jail." *Id.* Furthermore, that classification system is relevant in a failure to protect case because the amount of protection and oversight could vary with the levels of classification assigned to each inmate. But here, there is no evidence that medical treatment varied between inmates of different classifications. As such, evidence that supports Mr. McCleary's classification level would also not be relevant unless there is a showing that medical treatment varied between such inmates.

### 3. Mr. McCleary's criminal history is not relevant to the value of his life.

Finally, Defendant argues that evidence of Mr. McCleary's criminal history could be relevant to calculating the value of his life. But Plaintiff "has not sought economic damages based on the pecuniary value of his father's life," admitting that he was a "subsistence-level farm laborer without excess income." (Doc. 199 at 2-3.) Rather, Plaintiff is seeking non-economic damages. Such evidence would not be relevant.

Mr. McCleary's criminal history is not relevant to the medical care that he, as a pretrial detainee, should have received. It is not an element of the claim, and his credibility cannot be attacked as he will not be testifying. The Court sees no purpose of admitting the underlying convictions other than to use overly prejudicial evidence to insinuate the Decedent was a morally deficient person who was not entitled to receiving medical care.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion in limine (Doc. 164) and excludes all evidence of Mr. McCleary's criminal history. This includes the underlying offenses for his October 2022 and July 2022 incarcerations and any reference to his other convictions or arrests.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**