UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| OMARII MCCLEARY, | ) |
|---|---|
| *Plaintiff*, | ) |
| | ) Case No. 3:23-cv-385 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| QCHC OF TENNESSEE, PLLC, *et al.*, | ) Magistrate Judge Debra C. Poplin |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM & ORDER**

Before the Court is a motion in limine by Plaintiff Omarii McCleary to exclude testimony regarding comparative fault. (Doc. 166.) Defendants Ashley Brown (Doc. 190), QCHC (194), and Monroe County and various employees (Doc. 196) responded.

**I.    STANDARD OF REVIEW**

A motion in limine is "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "Orders in limine which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Courts have power to exclude evidence in limine only when evidence is "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). The better approach is "to deal with questions of admissibility of evidence as they arise." *Sperberg*, 519 F.2d at 712. Motions in limine "are not proper procedural devices for the wholesale disposition of theories or defenses." *Bell v. Prefix, Inc.*, No. 05-74311, 2009 U.S. Dist. LEXIS 101889 at *3 (E.D. Mich. Nov. 2, 2009)

## II. DISCUSSION

Plaintiff seeks to preclude "evidence or arguments designed to persuade a jury that the other Defendants are comparatively at fault, that fault should be apportioned among them, or that any Defendant should be exculpated from fault because they are only partially at fault or less at fault then [sic] some other Defendant." (Doc. 166 at 2.) Plaintiff seeks this exclusion under Rules 401 and 403 of the Federal Rules of Evidence because such evidence would be "irrelevant, prejudicial, confusing, a waste of time, and not probative to any material issue." (*Id.* at 1.) Plaintiff argues that because "comparative negligence … does not apply to damages for federal constitutional rights violations," *McHugh v. Olympia*, 37 F. App'x. 730, 736 (6th Cir. 2002), such evidence would be inadmissible under Rule 403.

While Plaintiff is correct that comparative negligence is not applicable to damages for federal constitutional violations, Plaintiff's request is overbroad. Plaintiff has not identified specific pieces of evidence that have no relevance other than to show comparative fault. And there may be other reasons that disputed evidence may be admissible. For example, evidence that goes to comparative fault may also go to causation, which is central to a 28 U.S.C. § 1983 claim. Defendants are correct that an overbroad pretrial ruling may prevent defendants from presenting relevant evidence that may go to causation. (Doc. 194 at 4; Doc. 196 at 5.) Plaintiff has not established that such evidence would not be relevant for any reason. *See Bolick v. City of E. Grand Rapids*, No. 1:11-cv-1101, 2013 U.S. Dist. LEXIS 192151, at *5 (W.D. Mich. 2013) (denying motion in limine because while contested evidence could not be evidence of comparative negligence in a 1983 case, plaintiff had "not established that the disputed evidence would not be relevant for any reason, and, therefore, inadmissible") And the Court cannot, without further context of a trial, make a determination as to 403 at this premature stage.

2

Plaintiff also seeks to exclude arguments that apply comparative fault schemes to the present case. But motions in limine are designed to address evidentiary issues, and this is not an evidentiary issue. Additionally, such a request is premature. Plaintiff did not bring a negligence claim, and Defendants have not raised modified comparative fault as an affirmative defense. (*See* Docs. 194 at 4, 196 at 5.) Therefore, it is unnecessary to rule that that Defendants are precluded from raising a defense that they have not raised and cannot raise. To the extent that arguments may arise that could lead a jury to mistakenly apply comparative tort statutes, this issue may be addressed at trial or at the jury-instruction stage if a risk of confusion exists. *See McHugh v. Olympia*, 37 F. App'x. 730 (6th Cir. 2002) (finding no error in a jury instruction that the comparative- fault rule in tort actions did not apply to a federal civil-rights claim that was intended to reduce confusion).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion in limine on comparative fault (Doc. 166) is **DENIED.**

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**