UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OMARII MCCLEARY, )<br> )<br> *Plaintiff*, )<br> )<br>v. )<br> )<br>QCHC OF TENNESSEE, PLLC, *et al.*, )<br> )<br> *Defendants*. ) | Case No. 3:23-cv-385<br><br>Judge Curtis L. Collier<br>Magistrate Judge Debra C. Poplin |

**MEMORANDUM & ORDER**

Before the Court is a motion in limine by QCHC of Tennessee, PLLC ("QCHC") to exclude four pieces of evidence: (1) testimony of Officer Blaine Kennedy concerning a statement from Officer Colby Williams that Officer Williams made a phone call to medical personnel, (2) evidence concerning the valuation of Plaintiff's claims by either Defendants or lay witnesses, (3) evidence of breach of contract by QCHC, and (4) expert testimony or references to expert testimony by non-clinicians. (Doc. 167.) Plaintiff filed a response. (Doc. 184.) QCHC filed a reply. (Doc. 195.)

**I.   STANDARD OF REVIEW**

A motion in limine is "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "Orders in limine which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Courts have power to exclude evidence in limine only when evidence is "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). The better approach is "to deal with questions of admissibility of evidence as they arise." *Sperberg*,

519 F.2d at 712. Motions in limine "are not proper procedural devices for the wholesale disposition of theories or defenses." *Bell v. Prefix, Inc.*, No. 05-74311, 2009 U.S. Dist. LEXIS 101889 at *3 (E.D. Mich. Nov. 2, 2009). An order in limine "is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). As such, "denial of a motion in limine does not necessarily mean the evidence that is the subject of the motion will be admissible at trial." *Ind. Ins.*, 826 F. Supp. at 846.

## II. DISCUSSION

This case arises from the death of Plaintiff's Decedent Joshua McCleary. Mr. McCleary was a pretrial detainee at Monroe County Jail and he had diabetes. Plaintiff alleges that on the weekend of October 28 through October 31, 2022, Mr. McCleary did not receive adequate medical treatment, leading to Mr. McCleary's eventual death from diabetic ketoacidosis. (Doc. 1 at 11.)

QCHC makes four arguments regarding evidence they seek to exclude at trial. (Doc. 167 at 1–2.) The Court will address each in turn.

### A. Officer Kennedy's testimony about a call from Officer Williams to medical personnel on the night of October 30, 2022, through the early morning of October 31, 2022.

Officer Kennedy testified in his deposition that Officer Williams told Officer Kennedy that Officer Williams made a phone call to Nurse Pam Hollingshead, an employee of QCHC, sometime between 1 a.m. and 3 a.m. on October 31, 2022. (Doc. 153-13 at 44.) Officer Kennedy testified that Officer Williams said he called Nurse Hollingshead and told her about Mr. McCleary's complaints as well as the officeres' attempt at performing a blood-sugar test. (*Id.* at 45). Officer Kennedy also testified that, according to Officer Williams, Nurse Hollingshead said she would see

2

Mr. McCleary in the morning.  Officer Williams denies making the phone call, so he cannot testify to this evidence.  (Doc. 148-7 at 5–6.)

For clarity, in trial, Officer Kennedy would be testifying to the statements Officer Williams made to Officer Kennedy telling him that the phone call was made and what was said in the phone call.  Therefore, the statements at issue are Officer Williams's statements to Officer Kennedy (1) that he made a phone call to Nurse Hollingshead telling her about Mr. McCleary's condition, (2) the statements he made to Nurse Hollingshead, and (3) the statements Nurse Hollingshead made in response.

QCHC seeks to exclude these statements as inadmissible hearsay under Federal Rule of Evidence 801(c).  Plaintiff responds that this statement is admissible under Fed. R. Evid. 801(d)(2) as statements by a party opponent.  (Doc. 184 at 1–2.)  QCHC argues that these statements may not be admitted under Rule 801(d) because "while Officer Williams is a party to this action, the statement is offered against the QCHC defendants … and therefore does not qualify under the Opposing Party's Statement exception of Fed. Rule. Evid. 801(d)(2)."  (Doc. 167 at 3.)   Plaintiff responds and argues that "[t]he fact of the matter is, Plaintiff can use the testimony in a multitude of ways, both Defendant Williams and Kennedy are opposing parties to this litigation."  (*Id.* at 1.)

QCHC is correct.  "A party's statement is admissible as non-hearsay only if it is offered against that party."  *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (finding that statement made by one defendant may not be considered in motion for summary judgment against different defendant because that statement was hearsay); 7 Jones on Evidence § 27:3 ("In a civil action, P v. D1 and D2, a statement by D1 or D1's agent or employee, offered by P, is admissible as an admission against D1, but the admission exception does not admit the statement against D2, because D2 is not the party who made the statement."); 5 Weinstein's Fed. Evid. § 801.30 ("It is

3

generally held that a party's statements may not be admitted under this rule against another party on the same side of the litigation as the declarant party."); 3 Fed. Trial Guide § 40.33 ("[T]o come within the hearsay exception for admissions by a party-opponent, the statement must be offered against the party who made it. Statements of one party offered against a different party do not qualify for the exception."); *see also Smith v. City of Chicago*, No. 21-cv-1159, 2025 U.S. Dist. LEXIS 119493, at *56–57 (N.D. Ill. June 24, 2025) (granting individual defendants' motion in limine to exclude hearsay statements of City co-defendant from being used against the individual defendants). Here, the statement at issue is Officer Williams's statement, and Officer Williams is a distinct party from QCHC such that his statements cannot be used against QCHC.

Furthermore, Officer Williams's statement to Officer Kennedy telling him that Officer Williams made a phone call to Nurse Hollingshead is being used for the truth of the matter asserted. The truth of the matter asserted is that Officer Williams called Nurse Hollingshead. It is being used to prove that Officer Williams called Nurse Hollingshead. Plaintiff has not offered, and the Court cannot discern, any other reason for offering such a statement.[1] Plaintiff has also not offered, and the Court cannot discern, any alternative grounds under which this statement would be admissible.

Therefore, this testimony is hearsay and is inadmissible as to QCHC. But it may be admissible as to Officer Williams and potentially Monroe County. Therefore, the Court will **GRANT IN PART** QCHC's motion as to this statement and provide a limiting instruction to the

---

[1] The Court recognizes there are two layers of hearsay. The first is the statement from Officer Williams to Officer Kennedy, and the second is the statements made in the phone call. Because the first layer is hearsay, the Court need not analyze whether the statements made in the phone call are hearsay.

jury instructing them to disregard the statement when considering QCHC's liability if the statement is otherwise admitted at trial.

### B. Evidence concerning valuation of Plaintiff's claims by Defendants or any lay witnesses.

QCHC also seeks to prevent Plaintiff's counsel "from inquiring into Defendants', or any lay witness'[s], valuation of Plaintiff's claims at it would be irrelevant under Fed. R. Evid. 402." (Doc. 167 at 4.) QCHC argues that "this is exclusively the province of the jury." (*Id.*) QCHC makes such a request because of questioning during depositions that asked several witnesses how much it would be worth to them not to have been placed in the position of Mr. McCleary. (Doc. 167 at 3.) Plaintiff responds and says that he "agrees that seeking a valuation of the pain and suffering that Mr. McCleary suffered … should be prohibited and Plaintiff has no plans to elicit such testimony." (Doc. 184 at 2.)

Therefore, the Court will **GRANT IN PART** QCHC's motion and **EXCLUDE** testimony that assigns monetary value to Mr. McCleary's pain and suffering.

### C. Breach of contract

QCHC also seeks to exclude evidence of breach of contract by QCHC. It argues that such evidence would be irrelevant under Rule 402, because "evidence offered to claim that QCHC was in breach of contract is irrelevant for determining whether QCHC engaged in a custom, policy or practice which violated the constitutional right of the decedent." (Doc. 167 at 4.) It argues that "a jury may equate 'breach of contract' with a need to find liability and impose an inappropriate standard and therefore such evidence should be excluded under Rule 403 of the Federal Rules of Evidence." (Doc. 167 at 4).

Plaintiff argues that this is "a prime example of the type of evidence that a jury should be entitled to evaluate in making their determination if QCHC deliberately chose a course of action

5

that caused Mr. McCleary's harm." (Doc. 184 at 3.) Plaintiff also argues that "Plaintiff should be given the opportunity to provide the jury with evidence which tends to show the repeated deviations from the contract terms by Defendant QCHC were made by its final decisionmaker." (Doc. 184 at 3.) While Plaintiff's argument for its admissibility is unclear, it seems that he argues that evidence of a breach of contract is evidence of QCHC's intent, and that such evidence is evidence that QCHC was the final policymaker for Monroe County.

QCHC is correct that the standard to evaluate Plaintiff's Fourteenth Amendment § 1983 claim is a constitutional one of deliberate indifference, not a contractual one. Whether there was a breach of contract does not create liability under § 1983; a constitutional deprivation does. But this Court is not convinced, at this stage, that such evidence is irrelevant for any reason. *See Bolick v. City of E. Grand Rapids*, No. 1:11-cv-1101, 2013 U.S. Dist. LEXIS 192151 (W.D. Mich. Sept. 6, 2013) (denying motion in limine because while contested evidence could not be evidence of comparative negligence in a 1983 case, plaintiff had "not established that the disputed evidence would not be relevant for any reason, and, therefore, inadmissible.") The surrounding context of the trial would provide the Court a better understanding of how this evidence may be used and the potential theories under which it would be relevant. A ruling on this issue is better made at trial as particular pieces of evidence arise. Therefore, the Court **DENIES** QCHC's motion in limine on this issue.

### D. Incorporation of Defendant Sweetwater Hospital's Motion in Limine to exclude expert testimony or reference to expert testimony by non-experts.

QCHC incorporates by reference Sweetwater Hospital's motion in limine to exclude expert testimony by non-experts. (Doc. 165 at 4–5; Doc. 167 at 4–5.)[2] Sweetwater Hospital sought to

---

[2] Sweetwater Hospital is no longer a party to this action. (*See* Doc. 224 at 1.)

exclude testimony from non-clinicians about the standard of care or causation under Rules 401, 403, and 702. It is unclear under what authority QCHC purports to incorporate Sweetwater's argument by reference. Rule 10(c) does not allow statements in motions to be incorporated by reference into another motion. *See* Fed. R. Civ. P. 10(c) (allowing statements in pleadings to be incorporated by reference in another pleading or motion). In any case, the Court does not need to decide this question because QCHC's claim does not have merit.

Sweetwater Hospital sought to have this evidence excluded under Rule 401 and 403 because such evidence would not be relevant and would be confusing in a claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Sweetwater argued this is because it "risks misleading the jury into believing that EMTALA liability is based on a negligence or malpractice standard." (Doc. 165 at 5.) But QCHC is not being sued under EMTALA, so this argument cannot be incorporated by reference into a motion in limine on QCHC's behalf.

As for Rule 702, the Court cannot, at this stage, exclude all evidence by laypersons as to "standard of care, causation, or medical decision-making" because such a request is overbroad and may include admissible evidence. In fact, the only example of evidence Sweetwater Hospital identified as the type it sought to exclude may be admissible. Sweetwater pointed to testimony from Officer David Anthony that he "recommended that [Mr. McCleary] go ahead and go back. Information could be given at a later time." (Doc. 165 at 4.) But it is unclear if this evidence is Officer Anthony stating an opinion on causation, standard of care, or medical decision-making, or if this evidence is merely Officer Anthony reporting what he told the hospital to show notice or to show the actions he took as an officer of Monroe County.

7

Furthermore, Plaintiff represents that he "does not intend to elicit expert testimony from Defendant David Anthony," but that he intends to ask Officer Anthony "to testify as to his personal experience, observation, and thoughts." (Doc. 183 at 4.) It is unclear what testimony would cross the line from being lay observations into being expert opinions, but such issues are better decided with the additional context of trial. The Court, therefore, **DENIES** QCHC's motion as to this issue.

## III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** QCHC's motion in limine (Doc. 167). The Court **GRANTS IN PART** QCHC's motion in limine as to Officer Blaine Kennedy testifying to Officer Colby Williams's statements about a phone call he made to medical personnel. These statements may not be used against the QCHC Defendants. The Court will issue a limiting instruction to the jury regarding this evidence if it is admitted against other parties. The Court also **GRANTS IN PART** QCHC's motion as to evidence concerning valuation of Plaintiff's claims by Defendants or by lay witnesses.

The Court **DENIES IN PART** QCHC's motion to exclude evidence of breach of contract and to exclude all evidence by laypersons as to standard of care, causation, or medical decision-making.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**